By the Court.
The relator seeks a peremptory writ of mandamus to compel the auditor of state to issue to him a warrant on the state treasury for $100, under section 1 of the act of April 16, 1867, entitled “ An act to authorize and require the: payment of bounties to veteran volunteers,” as amended April 16, 1880. 77 Ohio L. 294.
To entitle the relator to the relief sought, it must appear that; he was a “ re-enlisted veteran- volunteer,” as the statute does-not confer the right to bounty upon any other. There is no-doubt that the title of the act refers to troops in the United. States service,- during the late war of the Rebellion, known and designated in such service as “ veteran volunteers,” and the act,, in express terms, confers the right to bounty upon “re-enlisted veteran volunteers,” thereby excluding such “ veteran volunteers ” as do not come within the description of “ re-enlisted ” veteran volunteers.
The “ veteran volunteer” force was organized under general order No. 191, of the "War Department, issued on June 25, 1863. That order provides for the enlistment' and re-enlistment of troops for three years or during the war, from three classes of persons: 1. Able-bodied men, between the ages of eighteen and forty-live years, who had theretofore been enlisted,, *395 and had served for not less than nine months. 2. Volunteers or militia, then in the service, whose term of service would expire within ninety days, and who would, at the expiration of such term, have been in the service at' least nine months, provided their re-enlistment should take place before the expiration of their then term of service. 3. Volunteers serving in three years’ organizations who might re-enlist, after the expiration of ninety days; provided, under amendatory Q-eneral Order 305, of September 11, 1863, that at the date of their re-enlistment they had less than one year to serve.
That “ veteran volunteers ” were confined to these classes does not admit of a doubt; but whether all who went into the service, under this order, for three years or during the war, from each of these classes, became “ veteran volunteers,” is not so clear.
Order 191 defines veteran volunteers, as follows: “ In order to increase the armies now in the field, volunteer infantry, cavalry and artillery may be enlisted, at any. time within ninety days from this date, in the respective states, under the regulations hereinafter mentioned. The volunteers so enlisted, and such of the three years troops now in the field as may re-enlist in accordance with the provisions of this order, will constitute a force to be designated “Veteran Volunteers.” Erom this definition or description, it is quite clear that the veteran force was composed of volunteers who “ enlisted ” under the order, and of volunteers who “ re-enlisted ” under the order; and it is equally clear that the “ re-enlisted veterans ” were confined to-such of the three years troops then in the field as might re-enlist under the order. Whether “ enlisted ” veterans were confined to such able-bodied men who had been discharged after nine months’ service, and who “ enlisted ” in the respective states, or embraced also volunteers or militia then in the service, whose term of service expired within ninety days, and who again enlisted while in the service for three years, or during the war, is hot so clear. But, however that may be, we are satisfied that “ re-enlisted veteran volunteers,” under this order, embrace only those of the three years’ troops then in the *396 field, who re-enlisted after two years’ service, as provided in. General Order No. 305.
This view of the legislative intent is the more satisfactory, because of the fact that the phrase “ re-enlisted veteran volunteers,” has been so construed ever since the passage of the act •of April 16, 1867, by the executive department of the state government, and nevertheless, the legislature, in the amendment of April 16, 1880, retained the identical phrase without any expression of dissatisfaction with its uniform construction.

Writ refused.